UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

Leah Greco, individually and on behalf of all others similarly situated,

        Plaintiff,

- against -

TikTok, Inc.,

        Defendant

Class Action Complaint
Case No.: 5:22-CV-0916 (BKS/ML)

Jury Trial Demanded

Plaintiff alleges upon information and belief, except for allegations pertaining to Plaintiff, which are based on personal knowledge:

1. TikTok, Inc. ("Defendant") is a short-video sharing service marketed toward pre-teens and teenagers.

2. TikTok's appeal to youth is centered on "challenges" which are based on performing, recording, and sharing various acts.

3. The challenges are key to TikTok's long-term growth because they involve user engagement instead of passive use.

4. The challenges are promoted to school-aged children through its proprietary algorithm, based on age, likes, and prior activity.

5. Defendant delivers these challenges to exploit students' developing prefrontal cortex by appealing to their desires for acceptance and importance amongst their peers.

6. This is content that users would never see but for TikTok affirmatively pushing such content to their accounts.

7. TikTok has developed features to limit parents from monitoring and preventing underage use.

**I.     DISRUPTION IN SCHOOL DISTRICTS**

8.     Though TikTok's challenges were initially benign, the pursuit of growth and users at all costs has made it a destructive force within School Districts.

9.     The school-related challenges are based on destruction and theft of property ("Property Challenges") and violence towards others ("Violence Challenges").

10.    An example of a Property Challenge promoted by TikTok is "devious licks," which encouraged students to steal and vandalize facilities such as restrooms, cafeterias, and other common school areas.

11.    According to Dr. Kelli Burns, an associate professor at the University of South Florida's Zimmerman School of Advertising and Mass Communication, in "the slang of young people[,] [a] 'lick' is when you steal something."

12.    One high school principal described how this challenge resulted in "students ripping soap [and paper towel] dispensers off of the walls and throwing them across the bathroom" and "rip[ing] off the dividers between urinals."

13.    The Violence Challenges have promoted students to "Flip Off in the Front Office," to present their middle finger to authority figures in their schools.

14.    Another Violence Challenge delivered to students encouraged them to physically slap their teachers and post videos of it.

15.    One superintendent noted that "The behavior described in th[is] challenge is a very serious offense and would require involvement from law enforcement."

16.    The "Spray a Neighbor's Fence Challenge" extended beyond the school environment to cause destruction in the immediate vicinity to property of area residents.

17.    Several challenges promote sexual assault on school grounds.

18. These include "Kiss Your Friend's Girlfriend," "Jab a Breast," "Grab Some Eggz,[1]" and "Deck the Halls and Show Your B@%ls," a reference to male genitalia.

## II. CHALLENGES CAUSE HARM TO SCHOOL DISTRICTS

19. School districts have borne increased costs and expenses based on Defendant's actions of delivering challenges to students, who it knows are likely to engage with its platform by performing the challenges.

20. The labor costs incurred include diverting resources from instruction activities, notifying parents and guardians, assigning personnel to escort students to restrooms to prevent vandalism of plumbing and other infrastructure, additional supervision in common areas like cafeterias, and reimbursement of fire, emergency, and law enforcement departments for visits in response to the challenges.

21. The non-labor costs include replacing and repairing stolen and damaged equipment, infrastructure, and property, such as sinks, soap dispensers, trash cans and toilets

22. School districts have reportedly assigned personnel to monitor TikTok and contract with costly monitoring services to stay ahead of dangerous and destructive conduct.

23. School Districts have implemented costly training for employees to better recognize the signs of a coordinated "Challenge" or other disruption.

24. One school superintendent noted that the damage caused following use of TikTok was "was costly for the district and ultimately for taxpayers."

25. TikTok denies responsibility for property destruction and violence, yet continues to deliver challenges to students.

26. In response to media outcry, TikTok will shut down the challenges by removing

---

[1] Several analysts believe "eggz" is slang to refer to a man's testicles.

videos and key word searches for them, and school districts are left picking up the pieces, until the next challenge.

## Jurisdiction and Venue

27. Jurisdiction is based on the Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

28. The aggregate amount in controversy exceeds $5 million, including any statutory and punitive damages, exclusive of interest and costs.

29. Plaintiff is a citizen of New York.

30. Defendant is a California corporation with a principal place of business in Culver City, Los Angeles County, California.

31. The class of persons Plaintiff seeks to represent includes persons who are citizens of different states from which Defendant is a citizen.

32. The members of the class Plaintiff seeks to represent are more than 100, because there are more than this number of School Districts in the States covered by Plaintiff's proposed classes.

33. Venue is in this District because a substantial part of the events or omissions giving rise to these claims occurred in this District, including Plaintiff's residence in a School District in this District and her role as a parent and taxpayer to her School District, which has or will experienced property destruction and/or violence based on the TikTok challenges.

## Parties

34. Plaintiff Leah Greco is a citizen of Solvay, Onondaga County, New York.

35. Plaintiff is a taxpayer in her local school district and a parent to a student in said school district, which has or will incur costs as a result of Defendant's actions.

36. Defendant is a social media video-sharing platform targeted to youth.

## Class Allegations

37. Plaintiff seeks certification under Fed. R. Civ. P. 23 of the following classes:

> **New York Class:** Incorporated and unincorporated School Districts in New York including those organized pursuant to N.Y. E.D.N. § 1501 *et seq.*, which have incurred costs and fees as a result of the conduct described herein during the statutes of limitations for each cause of action alleged; and

> **School District Multi-State Class:** Incorporated and unincorporated School Districts in Pennsylvania, Idaho, New Mexico, Utah, North Carolina, and Connecticut, which have incurred costs and fees as a result of the conduct described herein during the statutes of limitations for each cause of action alleged.

38. Common questions of issues, law, and fact predominate and include whether Defendant's actions and omissions substantially interfere with the rights of the subject School Districts to educate its students and if Plaintiff and class members are entitled to damages.

39. Plaintiff's claims and basis for relief are typical to other members because all experienced the same issues due to the nuisance conduct, including the increased expenditures in the form of special assessments, proposed fees, anticipated tax increases, and/or direct payments, as a result of Defendant's actions and omissions.

40. Plaintiff is an adequate representative because her interests do not conflict with other members, she resides in an affected School District has one or more children who attends school there, and has been subjected to the increase and/or projected increase in expenditures based on Defendant's actions and omissions.

41. No individual inquiry is necessary since the focus is only on Defendant's practices and the class is definable and ascertainable.

42. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

43. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

## Public Nuisance

44. Plaintiff incorporates by reference all preceding paragraphs.

45. Defendant's actions and omissions have unreasonably interfered with the rights of School Districts to provide an environment conducive to education and learning through promoting content it knows will have a deleterious effect on their ability to properly educate and care for its students.

46. Defendant's activity and purpose requires it command attention of users, which incentivizes it to promote destructive and deleterious behavior and conduct, at the detriment of the school districts.

47. The damages experienced by School Districts are beyond what they could have reasonably expected to incur, but the result of the delivery of challenges to students based on destruction of property and violence.

48. School Districts have had to devote and divert resources in response, including counseling, training, educating, or disciplining students, and increased costs for physical modifications to schools, and repair and replacement of property.

## Restitution

49. Defendant obtained benefits and monies by delivering Challenges to students which substantially interfered with School Districts' legally required responsibilities for which they have had to bear the sole expense in responding.

Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

**WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying Plaintiff as representative and the undersigned as counsel for the class;

2. Directing Defendant to cease contributing to, and immediately abate the nuisance it has created and maintained within the proposed School Districts;

3. Awarding monetary damages, statutory and/or punitive damages and interest pursuant to the common law and/or any statutory claims;

4. Awarding costs and expenses, including reasonable fees for Plaintiff's attorneys and experts; and

5. Other and further relief as the Court deems just and proper.

Dated:   September 2, 2022

Respectfully submitted,

/s/Spencer Sheehan
Sheehan & Associates, P.C.
60 Cuttermill Rd Ste 412
Great Neck NY 11021
(516) 268-7080
spencer@spencersheehan.com