UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LEAH GRECO, individually and on behalf of all others
similarly situated

                                               5:22-cv-00916 (BKS/ML)

                              Plaintiff,

v.

TIKTOK, INC.

                              Defendant.
_____

**Appearance:**

*For Plaintiff:*
Spencer Sheehan
Katherine Lalor
Sheehan & Associates, P.C.
60 Cuttermill Road, Suite 412
Great Neck, NY 11021

*For Defendant:*
Hannah Y.S. Chanoine
O'Melveny & Myers LLP
7 Times Square Tower
New York, NY 10036

Jonathan Schneller
O'Melveny & Myers LLP
400 S. Hope Street
Los Angeles, CA 90071

**Hon. Brenda K. Sannes, Chief United States District Judge:**

                            **MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

       Plaintiff Leah Greco brings this putative class action on behalf of school districts in New

York, Pennsylvania, Idaho, New Mexico, Utah, North Carolina, and Connecticut against

Defendant TikTok, Inc. (Dkt. No. 1). Plaintiff brings a public nuisance claim against Defendant,

alleging that TikTok challenges have caused disruption and harm in schools, which has "unreasonably interfered with the rights of School Districts to provide an environment conducive to education," and has forced school districts to "devote and divert resources" to remedy "destruction of property and violence." (Dkt. No. 1, ¶¶ 45, 47–48). The complaint invokes federal jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), asserts a public nuisance claim, and seeks restitution, a judgment directing Defendant "to cease contributing to, and immediately abate the nuisance it has created and maintained within the proposed School Districts," as well as monetary damages. (*Id.* at 6–7). Presently before the Court is Defendant TikTok, Inc.'s motion to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, 12(b)(2) for lack of personal jurisdiction, and 12(b)(6) for failure to state a claim, and to strike the class allegations from the complaint under Rule 12(f). (Dkt. No. 6). The parties have filed responsive briefing. (Dkt. Nos. 10, 11). For the reasons below, Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(1) is granted.[1]

## II.    FACTS[2]

TikTok, Inc. is a California corporation headquartered in Culver City, California, which provides a "social media video-sharing platform targeted to youth." (Dkt. No. 1, ¶¶ 30, 36). Plaintiff, a citizen of Solvay, New York, is a "taxpayer in her local school district and a parent to a student in said school district." (*Id.* ¶¶ 34–35).

---

[1] Given the Court's finding that Plaintiff lacks standing to bring this action, the Court does not consider Defendant's motion to dismiss under Rules 12(b)(2) and 12(b)(6), or its motion to strike under Rule 12(f).

[2] The facts are taken from the Complaint, (Dkt. No. 1), the declaration and exhibits attached to Defendant's motion to dismiss, (Dkt. Nos. 6-2 to 6-4), and Plaintiff's response, (Dkt. No. 10-1). The Court has considered the declaration and exhibits because "a defendant is permitted to make a fact-based Rule 12(b)(1) motion." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 57 (2d Cir. 2016).

According to Plaintiff, "TikTok's appeal to youth is centered on 'challenges' which are based on performing, recording, and sharing various acts." (*Id.* ¶ 2). These challenges are "promoted to school-aged children through [TikTok's] proprietary algorithm, based on age, likes, and prior activity." (*Id.* ¶ 4). "The school-related challenges are based on destruction and theft of property ('Property Challenges') and violence towards others ('Violence Challenges')." (*Id.* ¶ 9). For example, challenges have encouraged students to "steal and vandalize facilities such as restrooms, cafeterias, and other common school areas," (*id.* ¶ 10), "present their middle finger to authority figures in their schools," (*id.* ¶ 13), and "physically slap their teachers and post videos of it," (*id.* ¶ 14). Additionally, "[s]everal challenges promote sexual assault on school grounds." (*Id.* ¶¶ 17–18).

Plaintiff asserts that these challenges are "key to TikTok's long-term growth because they involve user engagement instead of passive use." (*Id.* ¶ 3). Defendant allegedly delivers these challenges to "exploit students' developing prefrontal cortex by appealing to their desires for acceptance and importance amongst their peers." (*Id.* ¶ 5). According to Plaintiff, Defendant "affirmatively" pushes challenge content to user accounts, (*id.* ¶ 6), and has "developed features to limit parents from monitoring and preventing underage use," (*id.* ¶ 7).

Plaintiff alleges that "[s]chool districts have borne increased costs and expenses" from Defendant's delivery of these challenges to students. (*Id.* ¶ 19). Such costs include "diverting resources from instruction activities, notifying parents and guardians, assigning personnel to escort students to restrooms to prevent vandalism of plumbing and other infrastructure, additional supervision in common areas like cafeterias, and reimbursement of fire, emergency, and law enforcement departments for visits in response to the challenges." (*Id.* ¶ 20). School districts also bear the burden of "replacing and repairing stolen and damaged equipment,

3

infrastructure, and property, such as sinks, soap dispensers, trash cans and toilets." (*Id.* ¶ 21). Additionally, "School Districts have reportedly assigned personnel to monitor TikTok and contract with costly monitoring services to stay ahead of dangerous and destructive conduct," (*id.* ¶ 22), and have "implemented costly training for employees to better recognize the signs of a coordinated 'Challenge' or other disruption," (*id.* ¶ 23). "One school superintendent noted that the damage caused following use of TikTok [] 'was costly for the district and ultimately for taxpayers.'" (*Id.* ¶ 24). "In response to media outcry," TikTok removes challenge videos and related keyword searches but "school districts are left picking up the pieces, until the next challenge." (*Id.* ¶ 26).

In her opposition to Defendant's motion to dismiss, Plaintiff submitted a letter dated September 28, 2021 from Jaime Alicea, Superintendent of Schools in the Syracuse City School District to "Syracuse City School District Families." (Dkt. No. 10-1, at 2). The letter states that there have been "some disruptive behaviors happening in our schools and on our school busses [sic]" and that "[s]ome of these behaviors are tied to social media and specifically TikTok challenges." (*Id.*). The letter further states that "[t]here are currently reports of continued challenges being posted online that include vandalism, violence towards staff members and fellow students, sexual misconduct and harassment, and more." (*Id.*). The letter indicates that "[s]everal students are already facing disciplinary action this year for their behavior" and requests the school community's help to reinforce acceptable behavior and "create a school environment that is welcoming, inclusive and safe for everyone." (*Id.*).

Plaintiff seeks certification under Rule 23 of the Federal Rules of Civil Procedure for the following two classes:

> **New York Class:** Incorporated and unincorporated School Districts in New York including those organized pursuant to N.Y. E.D.N. §

1501 et seq., which have incurred costs and fees as a result of the conduct described herein during the statutes of limitations for each cause of action alleged; and

**School District Multi-State Class:** Incorporated and unincorporated School Districts in Pennsylvania, Idaho, New Mexico, Utah, North Carolina, and Connecticut, which have incurred costs and fees as a result of the conduct described herein during the statutes of limitations for each cause of action alleged.

(Dkt. No. 1, ¶ 37).

### III.   ANALYSIS

Defendant argues that "[t]he Complaint should be dismissed for lack of jurisdiction" under Rule 12(b)(1) because "Plaintiff fails to allege a concrete and particularized injury sufficient to confer standing." (Dkt. No. 6-1, at 7–8). Plaintiff contends that she has suffered a concrete injury "as a taxpayer in Syracuse school district which has or will incur costs as a result of Defendant's actions." (Dkt. No. 10, at 6) (citation and internal formatting omitted). Plaintiff also asserts standing on behalf of her third-party school district, contending that "[h]er 'injury-in-fact' is established by her role as a parent of a child attending school in her school district, which has seen increased disruption and harm due to the proliferation of TikTok challenges." (*Id.* at 7).

#### A.   Standard of Review

"A federal court has subject matter jurisdiction over a cause of action only when it has authority to adjudicate the cause pressed in the complaint." *Bryant v. Steele*, 25 F. Supp. 3d 233, 241 (E.D.N.Y. 2014) (citations and internal quotation marks omitted). "Determining the existence of subject matter jurisdiction is a threshold inquiry[,] and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation and internal quotation marks omitted), *aff'd*, 561 U.S. 247 (2010).

"To survive a defendant's Rule 12(b)(1) motion to dismiss for lack of standing, plaintiffs must allege facts that affirmatively and plausibly suggest that [they have] standing to sue." *Rehab. Support Servs. v. City of Albany*, 14-cv-0499, 2015 WL 4067066, at *4, 2015 U.S. Dist. LEXIS 86081, at *12 (N.D.N.Y. July 2, 2015) (quoting *Kiryas Joel Alliance v. Vill. of Kiryas Joel*, 495 F. App'x 183, 188 (2d Cir. 2012) (summary order) (alteration in original) (internal quotation marks omitted)). A district court resolving a motion to dismiss under Rule 12(b)(1) "must take all uncontroverted facts in the complaint . . . as true[] and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014). A defendant may make "a fact-based Rule 12(b)(1) motion, proffering evidence beyond the complaint and its exhibits." *Nicholas v. Trump*, No. 18-cv-8828, 2020 WL 209274, at *3, 2020 U.S. Dist. LEXIS 6427, at *8 (S.D.N.Y. Jan. 14, 2020) (quoting *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 57 (2d Cir. 2016)). A plaintiff must then "come forward with evidence of their own to controvert that presented by the defendant, or may instead rely on the allegations in the[ir p]leading if the evidence proffered by the defendant is immaterial because it does not contradict plausible allegations that are themselves sufficient to show standing." *Id.* (quoting *Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 119 (2d Cir. 2017)) (internal quotation marks omitted).

**B.     General Principles of Standing**

"Article III, Section 2 of the Constitution limits the jurisdiction of the federal courts to the resolution of cases and controversies. To ensure that this bedrock case-or-controversy requirement is met, courts require that plaintiffs establish their standing as the proper parties to bring suit." *Sonterra Capital Master Fund Ltd. v. UBS AG*, 954 F.3d 529, 533–34 (2d Cir. 2020) (quoting *Langan v. Johnson & Johnson Consumer Cos.*, 897 F.3d 88, 92 (2d Cir. 2018)) (internal quotation marks omitted). To establish constitutional standing, a plaintiff must demonstrate (1)

an "injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical," (2) "a causal connection between the injury and the conduct complained of," and (3) redressability of the injury by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (citations omitted). Where "a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

For an injury to be "concrete" an injury "must actually exist"; the injury must be "real" and not "abstract." *Spokeo*, 578 U.S. at 340. "[T]o be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Id.* at 339 (quoting *Lujan*, 504 U.S. at 560 n.1). Allegations of future harm "may suffice if the threatened injury is 'certainly impending,' or there is a 'substantial risk' that the harm will occur." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S 398, 414 n.5 (2013)). However, "[a]llegations of possible future injury are not sufficient." *Clapper*, 568 U.S. at 409 (alteration in original) (citation and internal quotation marks omitted).

In the class action context, "the Court considers the injuries of the named plaintiffs, not unnamed class members." *Fero v. Excellus Health Plan, Inc.*, 236 F. Supp. 3d 735, 746 (W.D.N.Y. 2017). "[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other members of the class." *Id.* at 746–47 (alteration in original) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974)).

C.  **Municipal Taxpayer Standing**

Defendant argues that "Plaintiff's allegations that she is a taxpayer with a child in an unspecified school district do not give her standing to sue for alleged injuries to that school district" because "alleged injuries to the public fisc are textbook 'generalized grievances' shared

7

by the public as a whole." (Dkt. No. 6-1, at 8) (citing *Warth*, 422 U.S. at 499). Plaintiff responds that "as a taxpayer with a child in [Syracuse] school district which has or will incur costs as a result of Defendant's actions, Plaintiff's injury is concrete." (Dkt. No. 10, at 6) (alteration in original) (internal quotation marks omitted).[3]

To the extent Defendant's argument rests on caselaw governing standing for federal taxpayers, it is misguided because Plaintiff is not alleging standing as a federal taxpayer: she alleges that she is "a taxpayer in her local school district." (Dkt. No. 1, ¶ 35). The taxpayer standing analysis differs for federal and municipal taxpayers. *See Massachusetts v. Mellon* ("*Frothingham*"), 262 U.S. 447, 487 (1923) ("[T]he relation of a taxpayer of the United States to the Federal Government is very different [from the relation of a municipal taxpayer to a municipality]."); *see also Board of Educ. v. N.Y. State Teachers Retirement Sys.*, 60 F.3d 106, 110 (2d Cir. 1995) ("It is well settled that whether a plaintiff has standing in his capacity as a taxpayer turns largely on the sovereign whose act he challenges."). Municipal taxpayers have standing to "enjoin illegal use of moneys of a municipal corporation." *Frothingham*, 262 U.S. at 487. The Second Circuit has recognized that "under *Frothingham*, we presume a municipal taxpayer's relationship to the municipality is 'direct and immediate' such that the taxpayer suffers concrete injury whenever the challenged activity involves a measurable appropriation or

---

[3] Plaintiff alleges she is a "citizen of Solvay, Onondaga County, New York," a "taxpayer in her local school district and a parent to a student in said school district," (Dkt. No. 1, ¶ 23), but her memorandum of law appears to assert that she is a taxpayer with a student in "[Syracuse] school district," (Dkt. No. 10, at 6), and Plaintiff submits a letter to "Syracuse City School District Families," (Dkt. No. 10-1). The Court takes judicial notice of the fact that the Solvay Union Free School District and the Syracuse City School District are different school districts. *See* SOLVAY UNION FREE SCH. DIST., https://www.solvayschools.org/ (last visited Apr. 26, 2023); SYRACUSE CITY SCH. DIST., https://www.syracusecityschools.com/ (last visited Apr. 26, 2023); *see also See What School District You Are In*, GREATSCHOOLS.ORG, https://www.greatschools.org/school-district-boundaries-map/ (last visited Apr. 25, 2023)*; see also School districts and code numbers – Onondaga County*, N.Y. STATE DEP'T OF TAXATION AND FIN. (June 29, 2017), https*://www.tax.ny.gov/pit/file/school_district/onondaga.htm; Mosdos Chofetz Chaim, Inc. v. Vill. of Wesley Hills*, 815 F. Supp. 2d 679, 691–92 (S.D.N.Y. 2011) ("The Court may also take judicial notice of village and town maps, resolutions, and declarations."). It is therefore unclear whether Plaintiff's child is enrolled in the Solvay or Syracuse school district.

loss of revenue." *Altman v. Bedford Cent. Sch. Dist.*, 245 F.3d 49, 73 (2d Cir. 2001) (quoting *United States v. City of New York*, 972 F.2d 464, 470 (2d Cir. 1992)). Municipal standing, however, is not applicable in an action against a private corporation. *See Board of Educ.*, 60 F.3d at 111 (["O]ne of the central premises of municipal taxpayer standing is that the taxpayer's suit be brought against a *municipality*."). Thus, Plaintiff fails to show standing as a municipal taxpayer.

### D.   Third-Party Standing on Behalf of School District

Plaintiff also contends that she "has standing to sue on behalf of her third-party school district." (Dkt. No. 10, at 7) (internal formatting and quotation marks omitted). "To 'bring suit alleging violations of the rights of others . . . a putative third-party litigant must satisfy 'three important criteria': (1) the litigant 'must have suffered an injury in fact,' (2) 'the litigant must have a close relation to the third party,' and (3) 'there must exist some hindrance to the third party's ability to protect his or her own interests.'" *Libby v. Price*, 689 F. App'x 659, 660 (2d Cir. 2017) (quoting *Powers v. Ohio*, 499 U.S. 400, 410–11 (1991)).

#### 1.   Injury-in-Fact

Defendant argues that "Plaintiff's allegation that her child is 'a student in' her 'local school district' . . . fails to establish any concrete and particularized injury to Plaintiff." (Dkt. No. 6-1, at 9). Plaintiff responds that "[h]er 'injury-in-fact' is established by her role as a parent of a child attending a school in her school district, which has seen increased disruption and harm due to the proliferation of TikTok challenges." (Dkt. No. 10, at 7). Plaintiff does not appear to assert a claim on behalf of her minor child, but instead asserts that she has suffered an injury-in-fact individually. But Plaintiff has not alleged, or provided any evidence to support a finding that she herself was injured by the alleged disruption and harm caused by TikTok. *See Oliveras v. Saranac Lake Cent. Sch. Dist.*, No. 11-cv-1110, 2014 WL 1311811, at *24, 2014 U.S. Dist.

9

LEXIS 44603, at *74 (N.D.N.Y. Mar. 31, 2014) ("Although parents may sue on behalf of their minor child, they do not have standing to assert claims on their own behalf for a violation of their child's rights." (collecting cases)).

Additionally, although Plaintiff submitted a letter indicating that the Syracuse City School District has "seen some disruptive behaviors . . . tied to social media and specifically Tik Tok challenges," even assuming Plaintiff or her child is part of the Syracuse City School District, *see supra* note 3, Plaintiff has failed to allege any *measurable* costs that her school district or its taxpayers have incurred on account of Defendant. (Dkt. No. 10-1, at 2). Nor has Plaintiff sufficiently alleged that TikTok's actions will imminently result in tax increases to account for increased spending by her school district, or that there is a "substantial risk" that such harm will occur in the school district where she resides. *Susan B. Anthony List*, 573 U.S. at 158. Plaintiff nebulously alleges that the school district in which Plaintiff is a parent and taxpayer "*has or will* incur costs as a result of Defendant's actions." (Dkt. No. 1, ¶ 35) (emphasis added). Plaintiff asserts that "[o]ne school superintendent noted that the damage caused following use of TikTok was 'costly for the district and ultimately for taxpayers,'" (*id.* ¶ 24), but this vague assertion fails to demonstrate that Plaintiff is or will be personally obligated to contribute to any costs caused by TikTok. The Court finds Plaintiff's alleged injury of "anticipated tax increases," (*id.* ¶ 39), to be merely conjectural because (1) there is no allegation that any school district has realized a loss as a result of TikTok, and (2) even if such a loss were alleged, there are no allegations that school district authorities anticipate increasing school taxes to account for the loss. *See Warth*, 422 U.S. at 509 (noting the "conjectural nature" of the alleged injury of increases in taxation). Thus, Plaintiff has failed to allege that she suffered an injury in fact.

### 2. Other Factors

Further, Plaintiff has failed to allege a close relation with any school district. *See, e.g.*, *Mental Hygiene Legal Serv. v. Cuomo*, 13 F. Supp. 3d 289, 300 (S.D.N.Y. 2014) ("Courts have found that an existing attorney-client relationship may satisfy the closeness required to make the case for third-party standing.") (citing cases), *aff'd*, 609 F. App'x 693 (2d Cir. 2015). Indeed, Plaintiff does not clearly identify the school district with which she has a relationship through her minor child or taxpayer status.

Finally, there are no facts that suggest that there is any hindrance to any third-party school district's ability to protect its own interests. *See Congregation Rabbinical College of Tartikov, Inc. v. Vill. of Pomona*, 915 F. Supp. 2d 574, 594 (S.D.N.Y. 2013) (concluding that the plaintiff did not have third-party standing because the plaintiff failed to prove or even allege "that some barrier or practical obstacle (*e.g.*, third party is unidentifiable, lacks sufficient interest, or will suffer some sanction) prevents or deters the third party from asserting his or her own interest" (citation and internal quotation marks omitted)); *see also Lewis v. City of New York*, 591 F. App'x 21, 23 (2d Cir. 2015) (holding that the plaintiff lacked third-party standing to assert a claim on his mother's behalf where "there [was] no allegation that [the plaintiff's] mother would be unable or unwilling to assert her own rights").

Accordingly, as Plaintiff fails to establish standing, Defendants' motion to dismiss is granted.

### IV. OPPORTUNITY TO AMEND

Plaintiff seeks an opportunity to amend her Complaint. (Dkt. No. 10, at 22). "The court should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a court can deny a request to amend as futile where the problem with the claim is "substantive" and "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d

11

Cir. 2000) (citation omitted). Although the Court is skeptical about whether there is any viable basis to amend, because it may be possible for Plaintiff to establish subject matter jurisdiction with better pleading, the Court grants her request to amend. Plaintiff is granted leave to file an amended complaint within thirty (30) days of the date of this Order.

## IV. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendant TikTok, Inc.'s motion to dismiss (Dkt. No. 6) is **GRANTED**; and it is further

**ORDERED** that the Complaint (Dkt. No. 1) is **DISMISSED without prejudice** under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, with leave to file an amended complaint; and it is further

**ORDERED** that any amended complaint must be filed within thirty (30) days of the date of this Order.

**IT IS SO ORDERED.**

Dated: April 26, 2023
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge